Charles W. WHEAT, Appellant,

v.

TEXAS DEPARTMENT OF
CORRECTIONS, Appellee.

No. 01–85–0836–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 20, 1986.

Rehearing Denied Aug. 21, 1986.

Charles W. Wheat, Navasota, pro se.

Jim Mattox, Atty. Gen., Mary F. Keller, Executive Asst. Atty. Gen. for Litigation, F. Scott McCown, Asst. Atty. Gen., Chief Enforcement Div., Edith C. Schaffer, Asst. Atty. Gen., Austin, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

The appellant, an inmate at the Texas Department of Corrections, brought suit under the Texas Tort Claims Act against the Texas Department of Corrections for the loss of his personal property by department employees. The appellee filed a motion to dismiss on the grounds that the appellant was claiming civil rights violations and that such a cause of action was not cognizable because an adequate state remedy was available. The court granted the appellee's motion.

The appellant had filed an inmate grievance with the appellee in which he alleged that several of his law books, his watch, and his radio were lost by employees of the appellee on December 14, 1984. Because he received no relief from his complaint, he filed the instant lawsuit under the Texas Tort Claims Act, seeking $1,220.52 in damages.

In his sole point of error, the appellant contends the district court erred in dismissing his suit. He maintains, however, that the real issue is whether the United States Supreme Court decision in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), applies to the State of Texas.

The appellant's reliance on *Parratt* is misplaced because *Parratt* has been overruled by *Daniels v. Williams*, — U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In *Daniels*, the United States Supreme Court stated, "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Id.* at 663. That Court reaffirmed its holding in *Daniels* in *Davidson v. Cannon*, — U.S. ——, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986), by stating, "In *Daniels*, we held that the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required." *Id.*

■ In Texas, the State is not liable for the torts of its officers or agents in the absence of a constitutional or statutory provision therefor. *Duhart v. State*, 610 S.W.2d 740, 741 (Tex.1980). Thus, the State is immune unless the legislature has consented to such suits. *Id.* It is a well-established rule that for the legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous language. *Id.* at 742. The Texas Tort Claims Act was enacted to abolish governmental immunity in certain instances and to grant permission to all claimants to bring suit against the State of Texas for all claims arising under the Act. *Brown v. Owens*, 674 S.W.2d 748, 750 (Tex.1984).

In the instant case, the appellant brought suit under the Texas Tort Claims Act which in relevant part provides:

Each unit of government in the state shall be liable for money damages for property damage or personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office *arising from the operation or use of a motor-driven vehicle and motor-driven equipment,* other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. (Emphasis added.)

Texas Tort Claims Act, ch. 50, § 3, 1973 Tex.Gen.Laws 77, *repealed by* Act of Sept. 1, 1985, ch. 959, § 9, 1985 Tex.Gen.Laws 7043, 7219.

This section has been interpreted to mean that damages to property are recoverable only when they result from the operation and use of motor-driven vehicles or motor-driven equipment. *Steele v. City of Houston*, 577 S.W.2d 372, 374 (Tex.Civ. App.—Houston [14th Dist.] 1979), *rev'd on other grounds*, 603 S.W.2d 786 (Tex.1980).

■ It is clear that the appellant is not entitled to bring suit under the Texas Tort Claims Act. There is nothing in his petition that indicates the loss resulted from the operation or use of a motor-vehicle or motor-equipment. Moreover, the appellant is not claiming that his property has been damaged as provided for in § 3 of the Texas Tort Claims Act. Therefore, the lower court did not err in concluding that the appellant had not stated a cause of action under the Texas Tort Claims Act.

As the appellant has alleged neither a constitutional nor a statutory basis upon which he can recover his loss, we overrule his sole ground of error.

The judgment of the trial court is affirmed.