James COFFMAN, Appellant,

v.

SCOTT WETZEL SERVICES, INC., Dave Magnis, Sharon Roberts, Vicki Price, Gordon Leff, and Dale Wallace, Appellees.

No. 2–94–291–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 31, 1995.

Mark S. Stewart, Jimmie A. Franklin, Mark S. Stewart & Associates, P.C., Fort Worth, for Appellant.

Wren Gray Foster, Pamela McGraw, Law Office of Tony Korioth, P.C., Austin, for Appellee.

Before DAUPHINOT, BRIGHAM and PAUL W. NYE (Retired), JJ.

OPINION

DAUPHINOT, Justice.

Appellant, James Coffman, appeals a summary judgment in favor of Appellees, Scott Wetzel Services, Inc., Dave Magnis, Sharon Roberts, Vicki Price, Gordon Leff, and Dale Wallace. In four points of error, Appellant argues that the trial court erred in granting summary judgment because Appellees are an insurance company as a matter of law, Appellant was a proper third party beneficiary to the insurance contract, Appellant's claims fell within the provisions of the DTPA, and Appellant's claims fell within the provisions of the Insurance Code. We affirm.

Appellant was injured on the job while an employee for the City of Colleyville. The City provided workers' compensation coverage through a governmental trust pool via the Texas Municipal League Intergovernmental Risk Pool ("Pool"). Appellees were hired to provide adjusting services for claims submitted to the Pool. Appellees refused to pay Appellant's weekly workers' compensation benefits.

■ Appellant argues in his first point of error that the trial court erred in granting summary judgment because Scott Wetzel Services, Inc. was an insurance company subject to suit, and thus owed Appellant a duty of good faith and fair dealing.

The duty of good faith and fair dealing, in the insurance context, insures fairness in the special relationship arising out of parties with unequal bargaining power. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697–98 (Tex. 1994). This special relationship exists because of the contractual nature of the rela-

tionship. *Id.* In *Natividad,* the Supreme Court of Texas held that when insurance carriers contract with agents for the performance of claims handling services, the carrier remains liable. *Id.* at 700. Essentially, the holding was that there was no contractual privity between the agent handling the services and the employee. *Id.* at 698. Such is the case here.

Appellees were hired to administer the claims against the Pool, thus they were an agent of the Pool. There was no contractual privity between Appellant and Appellees. Appellant's first point of error is overruled.

Appellant, in his second point of error, argues that the trial court erred in granting summary judgment because Appellant was a third party beneficiary of the contract between Appellee and the City and the Pool.

Because we have held that under *Natividad* Appellee is not an insurer, Appellee owed no duty of good faith and fair dealing to Appellant regardless of Appellant's status as an insured or a third party beneficiary. *See id.* at 696 n. 3. Appellant's second point of error is overruled.

Appellant, in his third point of error, argues that the trial court erred in granting summary judgment because Appellees are insurers as to the allegation they violated the DTPA.

Article 17.46 of the Texas Business and Commerce Code, better known as the Deceptive Trade Practice Act states that, "An insurer's lack of good faith in processing a claim is an unfair or deceptive act." *Vail v. Texas Farm Bureau Mut. Ins. Co.,* 754 S.W.2d 129, 135 (Tex.1988). However, because we have held that Appellees were not an insurer, they are not subject to this section of the DTPA. Appellant's third point of error is overruled.

Appellant complains in his fourth point of error that the trial court erred in granting summary judgment because Appellants were insurers for purposes of the Insurance Code.

Appellees were agents of the Pool, which was a governmental entity. The Insurance Code does not apply to governmental entities. *See Bridges v. Texas A & M Univ. Sys.,* 790 S.W.2d 831, 834 (Tex.App.—Houston [14th Dist.] 1990, no writ). Thus, as agents of the governmental entity, Appellees were not subject to the Insurance Code. *Id.* Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.