**Astrid LYONS, Appellant,**

v.

**LINDSEY MORDEN CLAIMS MANAGEMENT, INC., Appellee.**

No. 08-97-00115-CV.

Court of Appeals of Texas, El Paso.

April 30, 1998.

Opinion Overruling Rehearing Jan. 14, 1999.

Michael L. Aaronson, Charles E. Mc-Donald, El Paso, for Appellant.

Cynthia S. Anderson, Kemp, Smith, Duncan & Hammond, P.C., El Paso, for Appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

Plaintiff Astrid Lyons appeals from a summary judgment entered in favor of defendant on insurance code, deceptive trade practices, conspiracy, and good faith and fair dealing claims. We affirm in part and reverse in part.

### FACTS

Astrid Lyons was injured on the job while employed by El Paso Community College.

Lyons settled her workers' compensation claim against the self-insured College for a lump sum payment and five years future medical coverage. The College engaged Lindsey Morden Claims Management, Inc., an independent claims adjusting firm, to provide adjusting services for Lyons. After Lindsey Morden began denying Lyons' claims for medical care, she filed a suit against the College and Lindsey Morden alleging insurance code and D.T.P.A. violations, breach of the duty of good faith and fair dealing, and conspiracy. Lindsey Morden filed a motion for summary judgment, which the trial court granted on all claims, and severed that portion of the suit from all claims against the College. Lyons appeals.

### STANDARD OF REVIEW

The standard of review on appeal from a summary judgment is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law.[1] Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to the required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim.[2]

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor.[3] Where the defendants are the movants and they submit summary evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted.[4]

### GOVERNMENTAL IMMUNITY

█ In her first point, Lyons attacks the summary judgment granted Lindsey Morden on sovereign immunity grounds. Lindsey Morden convinced the trial court that it was an agent of the College, and therefore shares that entity's governmental immunity from liability. After reviewing the sparse summary judgment evidence, we cannot conclude that Lindsey Morden established the agency relationship as a matter of law.

█ Lindsey Morden's only evidence in support of summary judgment consisted of the judgment entered in the underlying compensation case, a copy of plaintiff's second amended petition, and the affidavit of Arthur J. Long, claims manager for Lindsey Morden. The affidavit states:

I am the Claims Manager for Lindsey Morden Claims Management, Inc. Lindsey Morden Claims Management, Inc. is an independent insurance adjusting firm. El Paso Community College is self insured for workers' compensation coverage. El Paso Community College has engaged Lindsey Morden Claims Management, Inc., as its agent to provide claims adjusting services for its workers' compensation claims, including but not limited to the workers' compensation claim of Astrid Lyons that forms the basis of the above entitled and numbered lawsuit. That claim was also the basis of the underlying workers' compensation suit entitled *Astrid Lyons v. El Paso Community College District,* Cause no. 91–13252, in the District Court of El Paso County Texas, 120th Judicial District.

As claims manager for an adjusting firm accused of wrongly denying medical coverage, Long is an interested witness. As such, his testimony can only support summary judgment if it is uncontroverted, clear, posi-

---

1. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Company,* 690 S.W.2d 546, 548 (Tex.1985); *Hernandez v. Kasco Ventures,* 832 S.W.2d 629, 631 (Tex.App.—El Paso 1992, no writ); *Marsh v. Travelers Indem. Co. of Rhode Island,* 788 S.W.2d 720, 721 (Tex.App.—El Paso 1990, writ denied).

2. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

3. *Nixon,* 690 S.W.2d at 548–49; *Stoker v. Furr's, Inc.,* 813 S.W.2d 719, 721 (Tex.App.—El Paso 1991, writ denied).

4. *Perez,* 819 S.W.2d at 471; *Bradley v. Quality Serv. Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Rayos v. Chrysler Credit Corp.,* 683 S.W.2d 546, 547 (Tex.App.—El Paso 1985, no writ).

tive, credible, free from contradictions and inconsistencies, and capable of ready controversion.[5] Moreover, to support summary judgment, his affidavit must set forth facts, not legal conclusions.[6] Statements which are mere conclusions are insufficient to support summary judgment.[7] We conclude that Long's affidavit is deficient in at least two of these requirements.

First, his affidavit is not free of contradictions. Long describes his adjusting firm as both "independent" and "agent" to the College. Without further explanation of the meaning of these terms, we find they are inconsistent. One cannot be an agent and at the same time independent. Without underlying facts to explain how these words are being used, we believe summary judgment is inappropriate.

A second and related problem with Long's affidavit is that it deals only in bare legal conclusions. We are given no information about the nature of the relationship between Lindsey Morden and El Paso Community College District. Agency is the consensual relationship between two parties where one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control.[8] Agency will not be presumed, and the party asserting the relationship has the burden of proving it.[9] To prove agency, evidence must establish that the principal has both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by the which the agent will accomplish that task.[10] It is the principal's extent of control over the details of accomplishing the assigned task that primarily distinguishes the status of independent contractor from that of agent.[11] A question of agency is generally one of fact, and one may be an independent contractor under some circumstances yet may be an agent or employee in connection with other work or activities.[12] Moreover, in a summary judgment proceeding, the scope of an agent's authority cannot be established conclusively by the agent's testimony alone.[13] Thus, to conclusively prove its agency status, Lindsey Morden needed to establish the details of its professional relationship with the College, and the extent of its right to control the adjusting firm's actions specifically regarding the Astrid Lyons' claim, without relying solely upon its own employee's testimony. This we conclude it has not done.

Lindsey Morden's evidence contains no contract of employment, no description of control by the College of the firm's work, no explanation of the manner in which Lindsey Morden was paid, nor any other facts supporting an agency relationship. We conclude that Lindsey Morden has presented no evidence of a consensual agency relationship with the College, its rights to assign tasks to the adjusting firm, or its right to control the details of its work. Nor does the summary judgment evidence present any evidence from which we might infer these elements. If Lindsey Morden's relationship is that of an independent contractor, rather than employee, it is not entitled to share the College's governmental immunity, and summary judgment was not appropriate.[14]

5. Tex.R. Civ. P. 166a(c).

6. *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984); *Hall v. Rutherford*, 911 S.W.2d 422, 424 (Tex.App.—San Antonio 1995, writ denied); *Watkins v. Hammerman & Gainer*, 814 S.W.2d 867, 870 (Tex.App.—Austin 1991, no writ).

7. *Hall*, 911 S.W.2d at 424.

8. *Schultz v. Rural/Metro Corp.*, 956 S.W.2d 757, 760 (Tex.App.—Houston [14th Dist.] 1997, no writ); *Lone Star Partners v. NationsBank Corp.*, 893 S.W.2d 593, 599 (Tex.App.—Texarkana 1994, writ denied).

9. *Schultz*, 956 S.W.2d at 760.

10. *Id.; Johnson v. Owens*, 629 S.W.2d 873, 875 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.).

11. *McDuff v. Chambers*, 895 S.W.2d 492, 497 (Tex.App.—Waco 1995, writ denied).

12. *Jorgensen v. Stuart Place Water Supply Corp.*, 676 S.W.2d 191, 194 (Tex.App.—Corpus Christi 1984, no writ).

13. *Farmer Enterprises, Inc. v. Gulf States Ins. Co.*, 940 S.W.2d 103, 112 (Tex.App.—Dallas 1996, no writ).

14. *Rodriguez v. Texas Dept. of Mental Health and Mental Retardation*, 942 S.W.2d 53, 56–57 (Tex. App.—Corpus Christi 1997, no writ); *Gonzalez v.*

■ In support of its claim of derivative governmental immunity, Lindsey Morden cites *Coffman v. Scott Wetzel Services, Inc.*[15] That case contains no discussion of the summary judgment evidence presented in support of its claim of agency. We assume that the evidence presented there contained sufficient factual underpinning to support the conclusion that Scott Wetzel Services was an employee, rather than an independent contractor, of the governmental unit. The law is clear that the bare assertion of agency, made solely by the party claiming the relationship, is not sufficient to support summary judgment. Point of Error One is sustained.

## CONSPIRACY

■ In her second point of error, Lyons claims that the trial court erred in granting summary judgment on her conspiracy cause of action. Lindsey Morden's summary judgment on this issue was also based upon its status as agent; the acts of an agent and a principal are the acts of a single entity, and cannot constitute conspiracy.[16] As we have found that Lindsey Morden did not establish its agency relationship as a matter of law, it cannot rely on that relationship to defeat the conspiracy claim against it. Lyons' second point of error is sustained.

## GOOD FAITH AND FAIR DEALING

■ In her third and final point of error, Lyons contends that the trial court erred in granting summary judgment in favor of Lindsey Morden on her good faith and fair dealing cause of action. We disagree. The duty of good faith and fair dealing emanates from the special relationship between the parties to an insurance contract, and therefore its breach gives rise to tort damages and not simply to contractual liability.[17] The "special relationship" exists only because the insured and the insurer are parties to a contract that is the result of unequal bargaining power, and by its nature allows unscrupulous insurers to take advantage of their insureds.[18] Without such a contract there is no "special relationship" and hence, no duty of good faith and fair dealing.[19] Entities such as Lindsey Morden in this case, who are hired for the performance of claims handling services do not have the contractually created "special relationship" with the insured.[20] Accordingly, Lindsey Morden owed no duty of good faith and fair dealing to Lyons. We overrule Lyons' third point of error.

## CONCLUSION

We affirm the summary judgment as to Lyons' good faith and fair dealing claim. We reverse the summary judgment and remand for further proceedings as to her insurance code, D.T.P.A., and conspiracy claims.

### OPINION ON REHEARING

■ On rehearing, appellee Lindsey Morden Claims Management, Inc. urges that plaintiff Astrid Lyons has judicially admitted an agency relationship between Lindsey Morden and El Paso Community College. Thus, it urges that summary judgment was properly granted without proof on the agency issue. Plaintiff Lyons, on the other hand, contends that she pleaded agency in the alternative, in connection with her duty of good faith and fair dealing claim only, and therefore she made no judicial admission.

Plaintiff's second amended petition states "an agency relationship existed at the relevant times between EPCC and Lindsey Morden." This statement is contained within the

*Heard, Goggan, Blair & Williams,* 923 S.W.2d 764, 766 (Tex.App.—Corpus Christi 1996, writ denied); *Mitchell v. Shepperd, Memorial Hospital,* 797 S.W.2d 144, 146 (Tex.App.—Austin 1990, writ denied).

15. 908 S.W.2d 516, 517 (Tex.App.—Fort Worth 1995, no writ).

16. *See Holloway v. Skinner,* 898 S.W.2d 793, 795 (Tex.1995) (acts of corporate agent on behalf of corporate are deemed corporation's acts); *Vosko v. Chase Manhattan Bank, N.A.,* 909 S.W.2d 95,

100 n. 7 (Tex.App.—Houston [14th Dist.] 1995, writ denied) (acts of the agent are deemed to be acts of the principal).

17. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 697 (Tex.1994).

18. *Id.*

19. *Id.* at 698.

20. *Id.*

paragraph containing Lyons' count one, entitled "Breach of Good Faith and Fair Dealings." There is nothing in the petition expressly stating this allegation is pleaded in the alternative, but it is not contained in the common, background portion of the petition. We therefore must resolve this question: when a pleading alleges a legal relationship in that portion of a petition setting out a cause of action, without expressly stating the allegation is pleaded alternatively, does the party judicially admit that relationship as to all other causes of action? We hold that under these circumstances, Lyons did not judicially admit agency.

■■■■■ Generally, pleadings are not evidence which will support summary judgment.[1] If a party's pleadings contain judicial admissions negating a cause of action, however, summary judgment may be granted on the basis of the pleadings.[2] Judicial admissions are assertions of fact, not pleaded in the alternative, in the live pleadings of a party.[3] There is no question that the second amended petition was plaintiff's live pleading here. The dispositive issue, then, is whether Lyons pleaded her allegation that Lindsey Morden was an agent of El Paso Community College in the alternative.

■■■■■ TEX.R. CIV. P. 48 provides:

A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.

We think plaintiff's allegation that Lindsey Morden was the agent of EPCC falls within this rule, and does not constitute a judicial admission for three reasons. First, the allegation is found only in that paragraph setting out plaintiff's count one, a cause of action for breach of the duty of good faith and fair dealing. Within a single count, allegations must be consistent, but theories of different counts may be contradictory. Thus, contentions that would destroy a petition if urged in a single statement are appropriately separated into different counts.[4] Second, when the pleading as a whole shows that alternative theories are advanced, failing to specifically state that a claim is made in the alternative is not strictly necessary.[5] Tellingly, plaintiff alleged a conspiracy theory as her count two. As a matter of law, the acts of an agent and its principal are the acts of a single entity and cannot constitute conspiracy.[6] Thus, the agency allegation in count one and conspiracy allegation in count two are clearly inconsistent, and we conclude from the context that they are pleaded in the alternative. An alternative statement in a pleading in conflict with other allegations in the same pleading does not constitute a judicial admission.[7] Finally, we think it is worth repeating that in Texas, pleadings are to be liberally construed.[8] Alternative pleading falls within that philosophy.

Lindsey Morden's motion for summary judgment was grounded in the assumption that it was the agent of Lyon's employer, El Paso Community College District. As discussed in our original opinion, it failed to establish that relationship as a matter of law. Upon rehearing, it relies upon the plaintiff's

1. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Brooks v. Center for Healthcare Services,* 981 S.W.2d 279, 282–83 (Tex.App.—San Antonio, 1998, no pet.).

2. *Brooks,* 981 S.W.2d at 282–83; *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 9 (Tex.1974).

3. *Houston First American Savings v. Musick,* 650 S.W.2d 764, 767 (Tex.1983).

4. TEX.R. CIV. P. 48; *Zimmerman v. First American Title Ins. Co.,* 790 S.W.2d 690, 698 (Tex.App.—Tyler 1990, writ denied); *see* 2 McDONALD TEXAS CIVIL PRACTICE § 8.56(b) (1992).

5. *Rhoades v. Meyer,* 418 S.W.2d 300, 302 (Tex. Civ.App.—Texarkana 1967, writ ref'd n.r.e.); 2

McDONALD TEXAS CIVIL PRACTICE § 8.55 (1992). This court nevertheless strongly recommends that alternative pleadings be so labeled, thereby minimizing disputes such as the one at hand.

6. *Holloway v. Skinner,* 898 S.W.2d 793, 795 (Tex. 1995).

7. *Texas General Indemnity Co. v. Sheffield,* 439 S.W.2d 431, 435 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).

8. *Crockett v. Bell,* 909 S.W.2d 70, 72 (Tex.App.—Houston [14th Dist.] 1995, no writ); *Bell v. Love,* 923 S.W.2d 229, 231 (Tex.App.—Houston [14th Dist.] 1996, no writ).

pleadings to argue that Lyons waived proof on this issue. A careful examination of plaintiff's petition, however, leads us to the conclusion that agency was pleaded in the alternative, in connection only with the claim that Lindsey Morden breached its duty of good faith and fair dealing. We have previously sustained the summary judgment entered as to that cause of action. Lindsey Morden's motion for rehearing is overruled.