NO. 07-03-0355-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 9, 2005


______________________________



KENNETH D. FORD, 



 Appellant

 

v.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., 



 Appellees 

_________________________________



FROM THE 411th DISTRICT COURT OF POLK COUNTY;



NO. CIV20,483; HON. ROBERT HILL TRAPP, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant, Kenneth D. Ford, an indigent inmate, appeals from the dismissal of his
lawsuit against the Texas Department of Criminal Justice (the Department) and ten of its
employees for damages and for declaratory and injunctive relief. Dismissal occurred
without the court holding an evidentiary hearing. Appellant now asserts that the trial court
abused its discretion in dismissing his suit. We affirm the judgment of the trial court. (1)

 Initially, Ford contends that the trial court's failure to provide written reasons
explaining why it dismissed the action was error. We disagree for several reasons. First, 
the trial court specified why it dismissed the suit; that is, the action was dismissed "as
frivolous." Second, Ford cites us to no authority requiring it to do more. Third, nor does
the statute permitting the trial court to dismiss a frivolous cause mandate that reasons be
given explaining why it held the action baseless. Statute merely expresses that the "court
may dismiss a claim, either before or after service of process, if . . . [it] finds that . . . the
claim is frivolous or malicious . . . ." Tex. Civ. Prac. & Rem. Code Ann. §14.003(a)(2)
(Vernon 2002); see also id. §14.010(a) (stating that the "court may enter an order
dismissing the entire claim or a portion" of it). And, we have no authority to amend the
statute by including a requirement that the legislature omitted. Consequently, the first issue
is overruled.

 Next, Ford asserts that he "did claim Indemnification of Property under §104.001
[and] 104.002" of the Texas Civil Practice and Remedies Code for the property allegedly
taken by the prison guards. (2) Section 104.001 describes the category of persons entitled
to indemnification from the State while §104.002 describes the conduct for which the
person will be indemnified. Yet, neither provision includes an inmate with the Texas
Department of Criminal Justice or the conduct by such an individual. Thus, we overrule this
issue as well. 

 As to the allegation regarding the ability of one to directly sue a State agency under
42 U.S.C. §1983, we note that neither a state nor its agencies are "persons" as
contemplated in §1983. Retzlaff v. Texas Dep't of Criminal Justice, 135 S.W.3d 731, 743-44 (Tex. App.-Houston [1st Dist.] 2003, no pet.); Denson v. Texas Dep't of Criminal Justice,
63 S.W.3d 454, 461 (Tex. App.-Tyler 1999, pet. denied). Thus, and as a matter of law,
Ford cannot successfully pursue a claim founded upon §1983 against the Department of
Criminal Justice, and the issue is overruled.

 Regarding the allegation that the prison guards engaged in a civil conspiracy to take
his property, authority holds that the Department of Criminal Justice and its employees who
act within the scope of their employment comprise a single legal entity. As such, it is
incapable of conspiring with itself. Hockaday v. Tex. Dep't of Criminal Justice, 914 F. Supp.
1439, 1445 (S.D. Tex. 1996); see also Lyons v. Lindsay Morden Claims Management, Inc.,
985 S.W.2d 86, 92 (Tex. App.-El Paso 1998, no pet.) (holding that the acts of an agent and
a principal are the acts of a single entity and cannot constitute a conspiracy). So, because
the guards cannot conspire with themselves or with the Department, we hold that the trial
court did not err in dismissing this claim either.

 To illustrate that his claims arising under the Texas Tort Claims Act had arguable
merit, Ford argues that the guards used a "sizing bin" to determine the amount of property
he was entitled to keep in his cell. The excess was purportedly confiscated, and it is the
confiscated property for which Ford sought recompense via the Tort Claims Act. The latter
however permits the recovery of damages to personal property only when those damages
result from the use or operation of a motor driven vehicle or motor driven equipment. Tex.
Civ. Prac. & Rem. Code Ann. §101.021(1)(A) (Vernon 2005); Ford v. Texas Dep't of
Criminal Justice, No. 09-98-0509-CV, 1999 Tex. App. Lexis 2623 at 3-4 (Tex.
App.-Beaumont April 8, 1999, pet. denied); Wheat v. Texas Dep't of Corrections, 715
S.W.2d 362, 363 (Tex. App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.) (involving the loss of
a prisoner's law books, watch, and radio). Since Ford does not claim that the operation of
a motor driven vehicle or motor driven equipment was instrumental in the loss of his
personalty, the Texas Tort Claims Act is of no benefit to him. Wheat v. Texas Dep't of
Corrections, supra. Thus, we overrule this issue too.

 Lastly, we are asked to hold that the trial court erred because Ford asserted a viable
cause of action for declaratory relief. We disagree and overrule the issue for the dispute
does not fall within the scope of the Texas Declaratory Judgments Act. According to the
latter, a person "interested under a deed, will, written contract, or other writings constituting
a contract or whose rights . . . are affected by a statute, municipal ordinance, contract, or
franchise may have determined any question . . . arising under the instrument, statute,
ordinance, contract, or franchise . . . ." Tex. Civ. Prac. & Rem. Code Ann. §37.004(a)
(Vernon 1997). Ford did not allege that his claims implicate or arise under a deed, will,
written contract, statute, ordinance, or franchise. At most, they involve the application of
a rule enacted by the Texas Department of Criminal Justice. Yet, not even that entitles him
to declaratory relief. See Bohannan v. Texas Board of Criminal Justice, 942 S.W.2d 113,
117 (Tex. App.-Austin 1997, writ denied) (holding that an inmate may not use the
Declaratory Judgments Act to obtain a declaration regarding the validity of a rule applicable
to an inmate). 

 Having overruled each of Ford's issues, we affirm the order of dismissal.


 Brian Quinn 

 Chief Justice
1. Comparison of Ford's original petition with his appellate briefs illustrates that the former contains
more claims than addressed in the latter. In other words, he does not contend that all of the claims raised
below were improperly dismissed. Given this, we consider whether the trial court abused its discretion in
dismissing only those claims mentioned in his appellate brief and supplement to it.
2. In his original petition, Ford alleged that he was deprived of property without due process of law. Yet,
he now informs us that "[i]n the relief of appellants' [sic] Original Petition reflect [sic] that he neither [sic]
claimed deprivation of property under §1983" but that "he did claim Indemnification of Property under
§§104.001 [and] 104.002, Tex. Civ. Prac. & Rem. Code against Defendant TDCJ." We interpret this statement
as his concession that he no longer wishes to pursue the claims involving the deprivation of property without
due process.