NO. 07-03-0355-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 9, 2005

_____

KENNETH D. FORD,

Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al.,

Appellees
_____

FROM THE 411th DISTRICT COURT OF POLK COUNTY;

NO. CIV20,483; HON. ROBERT HILL TRAPP, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Kenneth D. Ford, an indigent inmate, appeals from the dismissal of his lawsuit against the Texas Department of Criminal Justice (the Department) and ten of its employees for damages and for declaratory and injunctive relief. Dismissal occurred without the court holding an evidentiary hearing. Appellant now asserts that the trial court abused its discretion in dismissing his suit. We affirm the judgment of the trial court.[1]

_____

[1]Comparison of Ford's original petition with his appellate briefs illustrates that the former contains more claims than addressed in the latter. In other words, he does not contend that all of the claims raised below were improperly dismissed. Given this, we consider whether the trial court abused its discretion in dismissing only those claims mentioned in his appellate brief and supplement to it.

Initially, Ford contends that the trial court's failure to provide written reasons explaining why it dismissed the action was error. We disagree for several reasons. First, the trial court specified why it dismissed the suit; that is, the action was dismissed "as frivolous." Second, Ford cites us to no authority requiring it to do more. Third, nor does the statute permitting the trial court to dismiss a frivolous cause mandate that reasons be given explaining why it held the action baseless. Statute merely expresses that the "court may dismiss a claim, either before or after service of process, if . . . [it] finds that . . . the claim is frivolous or malicious . . . ." TEX. CIV. PRAC. & REM. CODE ANN. §14.003(a)(2) (Vernon 2002); *see also id.* §14.010(a) (stating that the "court may enter an order dismissing the entire claim or a portion" of it). And, we have no authority to amend the statute by including a requirement that the legislature omitted. Consequently, the first issue is overruled.

Next, Ford asserts that he "did claim Indemnification of Property under §104.001 [and] 104.002" of the Texas Civil Practice and Remedies Code for the property allegedly taken by the prison guards.[2] Section 104.001 describes the category of persons entitled to indemnification from the State while §104.002 describes the conduct for which the person will be indemnified. Yet, neither provision includes an inmate with the Texas Department of Criminal Justice or the conduct by such an individual. Thus, we overrule this issue as well.

---

[2]In his original petition, Ford alleged that he was deprived of property without due process of law. Yet, he now informs us that "[i]n the relief of appellants' [sic] Original Petition reflect [sic] that he neither [sic] claimed deprivation of property under §1983" but that "he did claim Indemnification of Property under §§104.001 [and] 104.002, Tex. Civ. Prac. & Rem. Code against Defendant TDCJ." We interpret this statement as his concession that he no longer wishes to pursue the claims involving the deprivation of property without due process.

2

As to the allegation regarding the ability of one to directly sue a State agency under 42 U.S.C. §1983, we note that neither a state nor its agencies are "persons" as contemplated in §1983. *Retzlaff v. Texas Dep't of Criminal Justice*, 135 S.W.3d 731, 743-44 (Tex. App.–Houston [1st Dist.] 2003, no pet.); *Denson v. Texas Dep't of Criminal Justice*, 63 S.W.3d 454, 461 (Tex. App.–Tyler 1999, pet. denied). Thus, and as a matter of law, Ford cannot successfully pursue a claim founded upon §1983 against the Department of Criminal Justice, and the issue is overruled.

Regarding the allegation that the prison guards engaged in a civil conspiracy to take his property, authority holds that the Department of Criminal Justice and its employees who act within the scope of their employment comprise a single legal entity. As such, it is incapable of conspiring with itself. *Hockaday v. Tex. Dep't of Criminal Justice,* 914 F. Supp. 1439, 1445 (S.D. Tex. 1996); *see also Lyons v. Lindsay Morden Claims Management, Inc.,* 985 S.W.2d 86, 92 (Tex. App.–El Paso 1998, no pet.) (holding that the acts of an agent and a principal are the acts of a single entity and cannot constitute a conspiracy). So, because the guards cannot conspire with themselves or with the Department, we hold that the trial court did not err in dismissing this claim either.

To illustrate that his claims arising under the Texas Tort Claims Act had arguable merit, Ford argues that the guards used a "sizing bin" to determine the amount of property he was entitled to keep in his cell. The excess was purportedly confiscated, and it is the confiscated property for which Ford sought recompense via the Tort Claims Act. The latter however permits the recovery of damages to personal property only when those damages result from the use or operation of a motor driven vehicle or motor driven equipment. TEX. CIV. PRAC. & REM. CODE ANN. §101.021(1)(A) (Vernon 2005); *Ford v. Texas Dep't of*

*Criminal Justice*, No. 09-98-0509-CV, 1999 Tex. App. LEXIS 2623 at 3-4 (Tex. App.–Beaumont April 8, 1999, pet. denied); *Wheat v. Texas Dep't of Corrections*, 715 S.W.2d 362, 363 (Tex. App.–Houston [1st Dist.] 1986, writ ref'd n.r.e.) (involving the loss of a prisoner's law books, watch, and radio). Since Ford does not claim that the operation of a motor driven vehicle or motor driven equipment was instrumental in the loss of his personalty, the Texas Tort Claims Act is of no benefit to him. *Wheat v. Texas Dep't of Corrections*, *supra*. Thus, we overrule this issue too.

Lastly, we are asked to hold that the trial court erred because Ford asserted a viable cause of action for declaratory relief. We disagree and overrule the issue for the dispute does not fall within the scope of the Texas Declaratory Judgments Act. According to the latter, a person "interested under a deed, will, written contract, or other writings constituting a contract or whose rights . . . are affected by a statute, municipal ordinance, contract, or franchise may have determined any question . . . arising under the instrument, statute, ordinance, contract, or franchise . . . ." TEX. CIV. PRAC. & REM. CODE ANN. §37.004(a) (Vernon 1997). Ford did not allege that his claims implicate or arise under a deed, will, written contract, statute, ordinance, or franchise. At most, they involve the application of a rule enacted by the Texas Department of Criminal Justice. Yet, not even that entitles him to declaratory relief. *See Bohannan v. Texas Board of Criminal Justice,* 942 S.W.2d 113, 117 (Tex. App.–Austin 1997, writ denied) (holding that an inmate may not use the Declaratory Judgments Act to obtain a declaration regarding the validity of a rule applicable to an inmate).

Having overruled each of Ford's issues, we affirm the order of dismissal.

4

Brian Quinn
Chief Justice