ACCEPTED
03-14-00314-CV
3617224
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/30/2014 2:15:31 PM
JEFFREY D. KYLE
CLERK

## CAUSE NUMBER 03-14-00314-CV

-----------------------------------------------------------------------------------------

## IN THE COURT OF APPEALS
## THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/30/2014 2:15:31 PM
JEFFREY D. KYLE
Clerk

-----------------------------------------------------------------------------------------

## RANDY TRAVIS, APPELLANT
## V.
## TEXAS DEPARTMENT OF PUBLIC SAFETY AND
## TEXAS ATTORNEY GENERAL, APPELLEES

-----------------------------------------------------------------------------------------

## ON APPEAL FROM THE 353rd DISTRICT COURT
## OF TRAVIS COUNTY, TEXAS
## TRIAL COURT CASE NUMBER: D-1-GN-13-001617
## The Honorable Judge Stephen Yelenovsky, Presiding

-----------------------------------------------------------------------------------------

## REPLY BRIEF OF APPELLANT
## RANDY TRAVIS

-----------------------------------------------------------------------------------------

## ORAL ARGUMENT REQUESTED

-----------------------------------------------------------------------------------------

Martin J. Cirkiel, Esq.
State Bar No. 00783829
Cirkiel & Associates, P.C.
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com [Email]

Mr. John Nix, Esq.
State Bar No. 24025564
Nix, Hoover & Kreck
514 North Elm
Sherman, Texas 75090
(903) 868-2600 [Telephone]
(903) 868-2330 [Facsimile]
jhnixlaw@yahoo.com [Email]

Mr. John Friedman, Esq.
State Bar No. 07469300
Friedman & Feiger, LLP
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 [Telephone]
(972) 788-2667 [Facsimile]
lfriedman@fflawoffice.com [Email]

ATTORNEYS FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

I.      REPLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.      GENERAL MATTERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.      REPLY TO OBJECTIONS ON STATEMENT OF FACTS . . . . . . . . . . . . 2

C.      THE DASHCAM INFORMATION IS CONFIDENTIAL . . . . . . . . . . . . . 4

D.      THE INFORMATION SHOULD NOT BE RELEASED DUE TO TRAVIS'
        CURRENT INCAPACITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.     CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.    CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.     APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

**Supreme Court Cases**

Burstyn, Inc. v. Wilson, 343 U.S. 495, 502 (1952).. . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Federal Cases**

Bing Shun Li v. Holder, 400 Fed. App'x 854-857-858 (5th Cir. 2010) . . . . . . . . . . 2

**State Cases**

Lyons v. Lindsey Morden Claims Mgmt. 985 S.W.2d 86, 92 (Tex. App. – El Paso, 1998, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-549 (Tex. 1985).. 3

State Statutes

Texas Health & Safety Code §571.015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## I. **REPLY**

A.     GENERAL MATTERS

1.     As a matter of course, Randy Travis substantially relies upon his *Brief Of Appellant* (hereinafter referred to and cited as "Applnt.") except where more specifically addressed herein.  In addition, and as a threshold consideration, he reiterates and underscores his contention that the District Court erred by failing to consider that the release of audio-visual material should be afforded a different standard of review than print material (Applnt. At p. 15, ¶37-39, *citing* Burstyn, Inc. v. Wilson, 343 U.S. 495, 502 (1952) [release of video has greater capacity for evil]).

2.     Travis also reiterates and underscores his contention, that if written medical information is generally confidential as a matter of law, then so should be any audio or visual depiction of those otherwise confidential medical conditions (Applnt. At p. 21, ¶53-54).  If not, and for example, then while a person's mental health records may remain confidential, (*see,* Texas Health & Safety Code §571.015), under the Attorney General's argument, the video camera depiction of them being picked up off the streets of Austin by the police and then brought to the State Hospital, would be of a public interest.  Surely, such a result cannot be correct.

B.    REPLY TO OBJECTIONS ON STATEMENT OF FACTS

3.    In their *Brief Of Appellee* (hereinafter referred to and cited as "Applee."), the Texas Attorney General first attacks portions of Travis' *Statement of Facts,* Applee. at p. 2-3.   The initial concern is that certain personal information about Travis, both as a historical nature and subsequent to the incident in question is immaterial, is based upon unreliable citation, is based upon self-serving opinion and that Travis' current mental and medical condition is "irrelevant."

4.    It is important to note that the incident in question occurred on August 7, 2012 (Applnt. at p. 4, ¶9).  Just about a year later on July 15, 2013 Travis suffered a stroke, had brain surgery, and is now unable to speak and is borderline mentally incapacitated  (Applnt. at p. 7-8, ¶17-18).  This particular piece of information, which has easily been procured from public sources of information like *Wikipedia*, is not only reliable and uncontroverted.  In fact, the information about his current incapacity was likewise found on the TMZ website.  This writer must comment on the irony of *Appellee's* position, that TMZ is a credible enough entity to seek public information but not publish it.

5.    In any case, the *Appellee* relies upon <u>Bing Shun Li v. Holder</u>, 400 Fed. App'x 854-857-858 (5th Cir. 2010) and other similar cases, for the proposition that

reliance upon Wikipedia or other internet sources of information is "unreliable." First, reliance upon this case and others cited by *Appellee* is misplaced, as the internet material cited therein was used for legal citation purposes. It is not cited for legal conclusion or reliance by Travis.

6. Moreover, this case does not say what Appellee states, rather it merely implores to be cautionary and not to place any "improper reliance" upon such sources. Travis fails to see how reliance on his current medical and mental state, which is well-known now, is somehow "improper."

7. Further, Travis' current medical and mental condition is integral to his argument that certain audio-visual information in the record, even if arguably public at one point in time, lost that character with his changing medical condition. It's inclusion may be disagreeable to the State, but it is not improper or irrelevant, as they suggest.

8. On a related note, the *Appellee* also argues that certain portions of Travis' *factual resume* is based upon "opinion" (Applee. at p. 3, fn. 4) or "hearsay (Applee. at p. 3, fn. 5)." Travis believes that what the *Appellee* characterizes as "opinion" or even "hearsay", he characterizes as an *inference* that must be afforded to him at this stage of the litigation, Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-549 (Tex. 1985), especially since it is

based upon their own evidence. *See also* Tex. R. Civ. P. 193.7; <u>Lyons v. Lindsey Morden Claims Mgmt.</u> 985 S.W.2d 86, 92 (Tex. App. – El Paso, 1998, no pet.)[Plaintiff may rely upon other party's pleadings as "judicial admissions"]. As such, Appellees argument that certain portions of his factual resume be stricken, should be denied.

C. THE AUDIO-VISUAL DASHCAM INFORMATION IS CONFIDENTIAL

9. In his *Brief*, (Applnt. at p. 9, ¶20; p. 16, ¶16-17) Travis noted that the State of Texas has already deemed the information in question to contain "information that was highly intimate with embarrassing facts." In their response, the Attorney General (Applee. at p. 21-22) now wants to qualify this statement, to mean something other than it clearly says. They benefit from no such *inferences* as does Travis. What the DA's statement is "more properly understood" to be, is not an issue; rather what the statement specifically said, is the issue. Such an attempt by the State to re-characterize its own evidence should likewise be rejected. As such, Travis' argument based upon the theory of *Judicial Estoppel* should continue to control on this point.

D. THE INFORMATION SHOULD NOT BE RELEASED DUE TO TRAVIS' CURRENT INCAPACITY

10. Last, this writer feels compelled reiterate the rather common-sense argument

that if Travis no longer has the medical or mental capacity or ability to speak for himself, then any public right to know was extinguished upon such incapacity (Applnt. at p. 22, ¶56). At the time he presented no case law in support of such a proposition, which the *Appellee* duly noted. Nevertheless, Travis now takes the opportunity to address his argument.

11.     The underlying *tug-of-war* in this case, is the public's right to know versus an individual's sense of privacy. If a Court would permit release of the current audio-visual portions of the dashcam, then the current requestors and in fact, all other media, would surely have numerous questions for Travis. But he has no ability to defend himself or his actions or in any way discuss them, as he cannot speak. In fact there is some question as to whether or not he has legal capacity. Surely, the public's right to know should end, when the individual, like Randy Travis, may no longer even have the ability to know or remember what happened that summer, let alone discuss it.

## II.  <u>CONCLUSION AND PRAYER</u>

12.     **WHEREFORE, PREMISES CONSIDERED**, Appellant prays in the manner and particulars noted above, that his Appeal be GRANTED, that the *Final Judgment* be vacated, that he be declared a prevailing party, have his attorneys fees paid by Appellee and for such other further relief as the Court may deem

just and proper in law or in equity.

Respectfully submitted,

/s/ Martin J. Cirkiel

Martin J. Cirkiel, Esq.
State Bar No. 00783829
Cirkiel & Associates, P.C.
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com [Email]

Mr. John Nix, Esq.
State Bar No. 24025564
Nix, Hoover & Kreck
514 North Elm
Sherman, Texas 75090
(903) 868-2600 [Telephone]
(903) 868-2330 [Facsimile]
jhnixlaw@yahoo.com [Email]

Mr. John Friedman, Esq.
State Bar No. 07469300
Friedman & Feiger, LLP
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 [Telephone]
(972) 788-2667 [Facsimile]
lfriedman@fflawoffice.com [Email]

ATTORNEYS FOR APPELLANT

## III. CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 1,704 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in WordPerfect X7, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/ Martin J. Cirkiel*
Martin J. Cirkiel

## IV. <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded to the following parties on the 30th day of December, 2014 by Notice of Electronic Filing from the Clerk of the Court:

Mr. Matthew Entsminger, Asst. Attorney General
State Bar No. 24059723
Open Records Litigation
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4151 [Telephone]
(512) 457-4686 [Facsimile]
mathew.entsminer@texasattorneygeneral.com [Email]
Electronically through the Electronic Filing Manager
Attorney for Texas Attorney General

Ms. Kimberly L. Fuchs, Asst. Attorney General
State Bar No. 24044140
Chief, Open Records Litigation
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4195 [Telephone]
(512) 320-0167 [Facsimile]
kimberly.fuchs@texasattorneygeneral.com [Email]
Electronically through the Electronic Filing Manager
Attorney for Texas Department of Public Safety

*/s/ Martin J. Cirkiel*
Martin J. Cirkiel

# IV. <u>APPENDIX</u>

A.    CD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8