Billy **ROBINSON**, Appellant,

v.

**TEXAS TIMBERJACK, INC.,** Appellee.

No. 06–05–00008–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 12, 2005.

Decided Oct. 7, 2005.

Theodore R. Johns, Jr., Johns & Johns, Beaumont, for appellant.

Jeffrey P. Bates, Law Office of Jeffrey P. Bates, Lufkin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Texas Timberjack, Inc. (Timberjack) sued Billy Robinson for breach of contract. The trial court granted summary judgment in favor of Timberjack. Robinson appeals, contending the trial court erred in granting that judgment. We reverse and remand for further proceedings because we find the evidence supporting the summary judgment is insufficient.

BACKGROUND

The summary judgment evidence shows that Robinson entered into two separate agreements to purchase logging equipment from Timberjack. Robinson was to pay for the equipment by making weekly payments over a period of time. When Robinson stopped making payments, Timberjack repossessed the equipment and filed suit against Robinson, seeking recovery of the remaining sum owed. Timberjack filed a verified petition to initiate the suit and served requests for admissions on Robinson. Timberjack then moved for summary judgment based in part on two written agreements and an affidavit by Tony Damron, an agent of Timberjack.

Robinson filed a motion to strike Damron's affidavit, which the trial court denied. The trial court granted Timberjack's mo-

tion for summary judgment, after a hearing. Robinson then filed a motion for new trial, which the trial court denied.

## STANDARD OF REVIEW

Because the propriety of a summary judgment is a question of law, we review de novo the trial court's decision. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994). The standards for review of a traditional summary judgment are well established: (1) the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

## SUIT ON SWORN ACCOUNT

■ Timberjack asserts that the granting of summary judgment was proper because Robinson failed to deny the allegations in the sworn petition by a proper verified denial as required by Rules 93 and 185 of the Rules of Civil Procedure. *See* TEX.R. CIV. P. 93, 185. Timberjack is precluded from advancing this argument on appeal because Timberjack failed to timely do so at the trial court level.

Timberjack advanced two theories in support of its motion for summary judgment within the written motion itself. First, that by failing to timely respond to requests for admissions, Robinson had been deemed to admit all the elements of Timberjack's cause of action. These deemed admissions were struck and not considered by the trial court. Alternatively, Timberjack argued that the written agreements and the affidavit of Tony Damron were sufficient evidence by themselves to warrant the granting of summary judgment.

■ All theories in support of or in opposition to a motion for summary judgment must be expressly presented in writing to the trial court. *Casso v. Brand*, 776 S.W.2d 551, 553 (Tex.1989). A motion for summary judgment must stand or fall on these grounds alone. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997). Timberjack presented two distinct arguments in its motion for summary judgment, neither of which touched on Robinson's failure to file a verified denial.

■ Timberjack did, in its response to Robinson's motion for new trial, address Robinson's failure to file a verified denial. This is insufficient to preserve this issue for our review. Again, we refer to the well-established rule that all theories in support of a motion for summary judgment must be presented in the written motion itself. *Casso*, 776 S.W.2d at 553; *Golden v. McNeal*, 78 S.W.3d 488, 493 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). Summary judgment cannot be affirmed on grounds raised for the first time in a response to a motion for new trial. Because Timberjack failed to timely present this issue to the trial court, it will not be considered here.

## RESPONSES TO REQUESTS FOR ADMISSIONS

■ Timberjack seeks, on appeal, to rely on Robinson's written responses to its requests for admissions. These written responses were not relied on in the written motion for summary judgment. As noted previously, all theories in support of a motion for summary judgment must be presented in writing to the trial court. *Casso*, 776 S.W.2d at 553. Because these written responses were not relied on in Timberjack's motion for summary judgment, we will not consider them here.

REMAINING SUMMARY JUDGMENT EVIDENCE

*Damron Affidavit*

 Robinson contends the Damron affidavit is not competent summary judgment evidence and should not have been considered by the trial court. We agree.

Robinson challenged the admission of the Damron affidavit before the hearing on the motion for summary judgment. The entirety of that affidavit is as follows:

> I am over the age of 18 years, of sound mind, and otherwise competent to make this affidavit. I have personal knowledge of the facts contained in the attached Statement of Account, and all matters are true and correct. Based upon that Statement of Account, Billy Ray Robinson is obligated to Texas Timberjack, Inc. in the principal amount of $248,970.41, after all lawful offsets, credits, and payments have been applied.
>
> I am the authorized agent for Texas Timberjack, Inc., a corporation licensed to do business in the State of Texas, with its principal place of business in Angelina County, Texas.
>
> Further, Affiant sayeth not.

The affidavit does not show how Damron acquired his personal knowledge of the facts presented in the affidavit. *See Fair Woman, Inc. v. Transland Mgmt. Corp.*, 766 S.W.2d 323, 323 (Tex.App.-Dallas 1989, no writ). To be sufficient, the affidavit must affirmatively show how the affiant became personally familiar with the facts. *Id.* Although the affidavit states that Damron is an agent of Timberjack, it does not state whether he was an agent during the relevant periods or how his status as an agent put him in a position to gain such knowledge. Nor is it readily apparent that Damron's status as an agent of Timberjack would put him in such a position. Further, there is other summary judgment evidence in the form of an affidavit by Robinson which challenges whether Damron was in a position to acquire personal knowledge of the relevant facts. The presence of Robinson's affidavit in the summary judgment evidence distinguishes this case from *Requipco, Inc. v. Am–Tex Tank & Equip.*, 738 S.W.2d 299, 301 (Tex. App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.), cited by Timberjack.

Finally, Damron's affidavit states that the facts laid out in the affidavit are based on an attached statement of account. The affidavit did not have any attachments. Rule 166a(f) of the Rules of Civil Procedure requires copies of all documents referred to in an affidavit to be attached to the affidavit. TEX.R. CIV. P. 166a(f). There is some conflict among the courts about whether the failure to attach referenced documents to an affidavit is a waived defect of form, or a more serious defect of substance. *Gorrell v. Tex. Utils. Elec. Co.*, 954 S.W.2d 767 (Tex.1997); *Mathis v. Bocell*, 982 S.W.2d 52, 59–60 (Tex.App.-Houston [1st Dist.] 1998, no pet.). We need not decide that issue here, however. We merely note that Timberjack's failure to attach the documents only serves to exacerbate the previously mentioned defects.

For the foregoing reasons, we find the Damron affidavit is not competent summary judgment evidence and should not have been considered by the trial court.

*Written Agreements*

 The only remaining evidence supporting the summary judgment is the written agreements. In its motion for summary judgment, Timberjack stated that, in order to prove its cause of action, it had to show (1) execution and delivery of the agreement to pay, (2) a promise to pay according to the terms of the agreement, (3) default by Robinson, (4) a showing of the sum due on the agreement, and (5) Timberjack's status as holder of the agree-

ment. Robinson disputes that there ever existed a valid agreement between the parties, what type of agreement it may have been, whether he breached that agreement, and what any proper damages would be.

We cannot hold that Timberjack has proven its entire cause of action as a matter of law by looking at the written agreements alone. Specifically, there is no way to determine if Robinson is in default and if so, what sum is due on the agreement. We must resolve any doubts in favor of Robinson. *Nixon*, 690 S.W.2d at 548–49.

CONCLUSION

We hold that Timberjack did not timely raise the issue of Robinson's failure to file a verified denial in the trial court. It cannot raise this issue for the first time on appeal. We also hold that Timberjack failed to include Robinson's written responses to its requests for admissions as a basis for its written motion for summary judgment. Again, it cannot raise this issue for the first time on appeal. We further hold that the affidavit by Tony Damron is not competent summary judgment evidence and that the remaining evidence is insufficient to support a granting of summary judgment in Timberjack's favor.

Accordingly, we reverse the summary judgment and remand this cause to the trial court for further proceedings.