In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00097-CV


______________________________




MICHAEL A. FRENCH AND WIFE,


MISTI MICHELLE FRENCH, Appellants


V.



BRIAN JAMES GILL AND GIUSEPPE V. RICCIO,


D/B/A TIGERS TRUCKING COMPANY, Appellees



 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 2004-261




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Carter



O P I N I O N



 Michael A. French and wife, Misti Michelle French, sued, among others, Brian James Gill
and Giuseppe V. Riccio, d/b/a Tigers Trucking Company, in state district court for negligence
involving an automobile accident that occurred January 29, 2002, in Wood County, Texas. The trial
court granted a motion for traditional summary judgment to Gill and Riccio, concluding the Frenches
had failed to file their lawsuit within the applicable two-year statute of limitations. The Frenches
now seek review of the trial court's award of summary judgment. We reverse the trial court's
judgment and remand the case for further proceedings.

A. Factual and Procedural Background

 Originally, the Frenches, Texas citizens, filed suit in federal court against several defendants,
not including Gill or Riccio, because all of those original defendants were citizens of states other
than Texas. See 28 U.S.C.A. § 1332(a) (West 2006) (granting federal jurisdiction in cases where
complete diversity of citizenship exists). In 2004, after conducting additional discovery in the case,
the Frenches learned that Gill and Riccio may have engaged in negligent conduct that was a factor
contributing to the accident (and a causal link to the Frenches' injuries). Accordingly, the Frenches
sought to add Gill and Riccio, Texas citizens, as defendants in the federal suit. Initially, the federal
court granted leave to add these nondiverse defendants; however, on March 4, 2004, the federal court
reversed that decision and struck the Frenches' second amended complaint, which had added the
nondiverse parties. The Frenches later filed their claims against Gill and Riccio in state court
April 29, 2004. By that time, it had been more than two years since the accident, and Texas' two-year statute of limitations for this type of tort claim had expired. See Tex. Civ. Prac. & Rem. Code
Ann. § 16.003(a) (Vernon Supp. 2006). However, the two-year statute of limitations is tolled if a
party has filed a previous suit in a different court and that action was dismissed because of lack of
jurisdiction and the party refiled the suit in a court of proper jurisdiction within sixty days after such
dismissal. Tex. Civ. Prac. & Rem. Code Ann. § 16.064 (Vernon 1997). This tolling does not apply
if it is shown that the first lawsuit was filed with intentional disregard of proper jurisdiction. The
trial court ultimately agreed that, as a matter of law, the federal lawsuit did not serve to toll
limitations and, therefore, the Frenches were time-barred from recovering from Gill and Riccio in
state court. See Tex. R. Civ. P. 166a. 

B. Standard of Review

 The propriety of a traditional summary judgment is a question of law to be reviewed de novo
on appeal. Robinson v. Tex. Timberjack, Inc., 175 S.W.3d 528, 530 (Tex. App.--Texarkana 2005,
no pet.). When reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and indulge in every reasonable inference and resolve any doubts in the nonmovant's
favor. Limestone Prods. Distribution, Inc. v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). Summary judgment is proper when the
movant establishes that there is no genuine issue of material fact and that he or she is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671 (Tex. 1979); Baubles & Beads v. Louis Vuitton, S.A., 766 S.W.2d 377 (Tex.
App.--Texarkana 1989, no writ). When the movant seeks summary judgment based on the
expiration of limitations, the movant must conclusively prove the bar of limitations. Jennings v.
Burgess, 917 S.W.2d 790, 793 (Tex. 1996). The question on appeal is not whether the summary
judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of
action, but whether the summary judgment proof establishes the movant is entitled to judgment as
a matter of law. Gonzalez v. Mission Am. Ins. Co., 795 S.W.2d 734, 736 (Tex. 1990). Because the
movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable
to the nonmovant is taken as true, and all doubts as to the genuine issues of material fact are resolved
in favor of the nonmovant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546 (Tex. 1985). If the
nonmovant asserts that the statute of limitations has been tolled, it becomes the movant's burden to
"conclusively negate the tolling provision's application" before summary judgment may be awarded. 
Allen v. Intercapital Lodge Ltd. P'ship, 66 S.W.3d 351, 353 (Tex. App.--Houston [14th Dist.] 2001,
pet. denied).

C. Summary Judgment Evidence

 There are only two pieces of evidence at issue regarding the trial court's award of summary
judgment. The first is Plaintiffs' Second Amended Original Complaint, which had been filed in
federal court January 28, 2004. In relevant part, that federal pleading includes the following
language:

6. There will no longer be diversity of citizenship between the parties to
this [federal] civil action with the joinder of Defendants, Brian James Gill and
Giuseppe V. Riccio, d/b/a Tigers Trucking Co.. The amount in controversy,
exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND AND
NO/100 DOLLARS ($75,000.00). Jurisdiction will no longer exist pursuant to 28
U.S.C. §1392 and the Plaintiffs request that this proceeding be transferred to the State
District Court in Wood County, Texas. 


The second piece of evidence is the federal district court's Order Striking Plaintiffs' Second
Amended Complaint. In relevant part, that document includes the following language:

 On January 14, 2004, the Plaintiffs filed a motion for leave to file their second
amended complaint. The Court inadvertently granted said motion before the
Defendants in the case had adequate time to file their response. The Court's Order
(Docket No. 24) allowed the Plaintiffs leave to add Brian James Gill and Giuseppe
V. Riccio d/b/a Tigers Trucking Co. as Defendants in this matter.


 On January 30, 2004, the Defendants filed the instant motion to strike the
Plaintiffs' second amended complaint, noting that they [Defendants] were not
afforded an opportunity to respond. Because the Court ruled on the Plaintiffs' motion
before the expiration of the Defendants' deadline to respond, the Court will
reconsider the Defendants' motion to strike as if it were their original response to the
Plaintiff's motion for leave to amend.


 After reconsidering the Plaintiffs' motion for leave to amend and the
Defendants['] motion to strike, it is clear to the Court that the former should be
denied. The additional Defendants that the Plaintiffs wish to add are not
indispensable and were clearly added solely for the purposes of defeating diversity
jurisdiction. Further, there has already been extensive discovery in this case: the
Plaintiffs and Defendant Omang have served and responded to interrogatories and
requests for production; Defendant Omang has served depositions on written
questions to 17 of the Plaintiffs' healthcare providers, all of which have been
answered; Defendant Omang has served a deposition on written questions to the
Plaintiffs' former employer and has filed discovery pleadings regarding same with the
Court; the Plaintiffs and Omang have made not only their Initial Disclosures, but also
their Expert Disclosures, including production of all expert reports and other
materials.


 As an equitable matter, the Plaintiffs chose to seek damages from Omang and
Mr. Henderson. They also chose to pursue their claims in this Federal Court. To
justify their 10-month-long delay in adding these nondiverse, dispensable parties to
their lawsuit, the Plaintiffs claim they just now discovered that they need to join
Mr. Gill and his employer, Giuseppe V. Riccio d/b/a Tigers Trucking Co. However,
the Plaintiffs and their counsel have known of Mr. Gill, and all other witnesses to the
accident, since January 30, 2002. In the subsequent two-year period, the Plaintiffs
and their counsel made no effort to contact Mr. Gill or his employer, much less join
them in this case. Meanwhile, Defendant Omang has expended a significant amount
of time and resources in discovery for this case and in preparing its defense to this
case.


 Finally, the Plaintiffs have not shown that they will be prejudiced or how they
will be denied an adequate judgment or an adequate remedy of their claims if
Mr. Gill and his employer are not joined as Defendants. Accordingly, the Court will
now vacate its previous order granting the Plaintiffs leave to amend.


 . . . .


It is therefore


 ORDERED that the Court's previous Order (Docket No. 24) is hereby
VACATED. The Plaintiffs' Second Amended Complaint is hereby STRICKEN. 
The Court will consider the Plaintiffs' First Amended Complaint as the active
pleading in this case. 


(Emphasis added [italics and bold face in original; underscoring added]). 

 The Frenches have argued that neither document constitutes proper summary judgment
evidence. But the Frenches offered these documents and certified their authenticity for the summary
judgment proceedings. We will not reward the Frenches for complaining the trial court erred by
considering the very evidence they originally offered and certified as authentic. Cf. Kelly v. Demoss
Owners Ass'n, 71 S.W.3d 419, 424 (Tex. App.--Amarillo 2002, no pet.); and see Ne. Tex. Motor
Lines, Inc. v. Hodges, 138 Tex. 280, 158 S.W.2d 487, 488 (1942) ("litigant cannot ask something
of a trial court and then complain that the court committed error in giving it . . . ."). We will,
therefore, consider both documents in determining whether summary judgment was appropriate in
this case.

D. Gill and Riccio's Basis for Summary Judgment

 In their written motion for summary judgment, Gill and Riccio argued they were entitled to
judgment as a matter of law because the Frenches had failed to timely file their claims in state court
within the two-year statute of limitations. The Frenches responded by asserting that they met the
requirements of Section 16.064(a) of the Texas Civil Practice and Remedies Code, which tolled
limitations during the pendency of the federal suit. Tex. Civ. Prac. & Rem. Code Ann. § 16.064(a). 
Gill and Riccio then filed a reply, asserting that Article 16.064(a)'s tolling provision did not apply
because, under Article 16.064(b), a party may not claim a tolling of the statute of limitations if that
party made their "first filing . . . with intentional disregard of proper jurisdiction." Tex. Civ. Prac.
& Rem. Code Ann. § 16.064(b). Gill and Riccio argued the federal court's order dated March 4,
2004, made a formal finding "that Plaintiffs filed in federal court because Plaintiffs knew that [the
federal] Court could not exercise jurisdiction over Mr. Gill and Mr. Riccio." The Frenches then filed
a Rejoinder, arguing they did not believe the addition of Gill and Riccio in the federal lawsuit would
destroy diversity jurisdiction in light of the United States Supreme Court's decision in Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426 (1991).

 On appeal, Gill and Riccio have advanced two different reasons to affirm the trial court's
judgment: (1) the Full Faith and Credit Clause of the United States Constitution and (2) collateral
estoppel. At oral argument, Gill and Riccio argued that the Frenches were bound by judicial
admissions contained in their pleading before the federal court. The Frenches contend none of these
grounds were raised in Gill and Riccio's motion for summary judgment and cannot, therefore, be
considered by this Court on appeal. We will now turn to each basis in turn and determine whether
any or all of these reasons were properly raised in the court below.

E. Requirements for Presenting Motion for Summary Judgment

 A motion for summary judgment shall state the specific grounds therefor. Tex. R. Civ. P.
166a. The movant must establish an entitlement to a summary judgment on the issues expressly
presented to the trial court by conclusively establishing all essential elements of the cause of action
or the defense as a matter of law. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979). Summary judgment for the defendant is proper when the evidence establishes that there
is no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's
cause of action or when each element of an affirmative defense to the plaintiff's cause of action is
established as a matter of law. Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984). In order
to conclusively establish the requisite essential elements, the motion must identify or address the
cause of action or defense and its elements. Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27
(Tex. 1990). If the nonmovant does not object to a vague or ambiguous motion for summary
judgment, the nonmovant runs the risk of having an appellate court determine the grounds it believes
were expressly presented in the summary judgment. McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 342 (Tex. 1993). However, even in a vague or ambiguous motion for summary
judgment, the appellate court is not permitted to "read between the lines, infer or glean from the
pleadings or the proof" any grounds for granting summary judgment other than those grounds
expressly set forth in the motion for summary judgment. Id. 

 1. Judicial Admissions

 At oral argument, Gill and Riccio asserted that the second amended federal complaint
contains judicial admissions by the Frenches that affirmatively show the Frenches submitted their
second amended complaint to the federal court "with intentional disregard of proper jurisdiction." (1) 
Gill and Riccio did not assert this theory before the trial court and have not raised it as a point of
appeal before this Court. See Tex. R. App. P. 38.2(a)(1)(B).

 The argument part of an appellee's brief must contain a clear, accurate, and succinct argument
for the contentions made. The brief must also contain appropriate citations to the record. Tex. R.
App. P. 38.2(a)(1); see also Tex. R. App. P. 38.1. An issue or counter-issue may not be raised for
the first time at oral argument unless the issue has been first presented in the parties' written brief. 
Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) (appellate court cannot consider
unassigned error); In re W. J. H., 111 S.W.3d 707, 712 (Tex. App.--Fort Worth 2003, pet. denied)
(issue may not be raised for first time at oral argument). Because Gill and Riccio did not raise the
issue of "judicial admissions" in their written brief, we are precluded from considering it. 

 2. Full Faith and Credit Clause

 Gill and Riccio also assert the trial court properly granted summary judgment pursuant to the
Full Faith and Credit Clause of the United States Constitution. The relevant pleading involved is
the Defendants' Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment. In that
pleading, Gill and Riccio alleged generally that the two-year statute of limitations did not apply
because the Frenches' first filing in federal court was made with intentional disregard of proper
jurisdiction. In paragraph II of the pleading, it is alleged that the Frenches knew Gill and Riccio
were residents of Texas and so listed them in the federal pleading. In paragraph III, the federal
judge's order is quoted. In paragraph IV, it is alleged that "there has been a judicial determination
that Plaintiffs' first filing in federal court was made with intentional disregard of proper jurisdiction." 
Gill and Riccio assert on appeal that the federal district court's decision, as a final and unappealed
order, is entitled to the full faith and credit required by the United States Constitution. See U.S.
Const. art. IV, § 1. But their trial court pleading never mentions the concept of full faith and credit. 
To conclude that the issue was raised by the trial court pleading requires us to infer that the pleading
was intended to invoke that doctrine as a defense. While the pleading does set out that a "judicial
determination" has been made on the issue, the pleading does not identify the elements of any
defense that entitles the defendant to a judgment as a matter of law. The doctrine of full faith and
credit generally refers to the recognition, acceptance, and enforcement of judgments from another
jurisdiction, usually calling for one state to recognize another state's legal decisions. (2)
 

 We find that Gill and Riccio did not raise the full faith and credit issue in their written motion
for summary judgment. "Issues not expressly presented to the trial court by written motion, answer
or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c). 
Nor may this Court, on appeal, consider issues that were not asserted in the trial court as a ground
for summary judgment. See Salmon v. Miller, 958 S.W.2d 424, 427 (Tex. App.--Texarkana 1997,
pet. denied); Roadside Stations, Inc. v. 7HBF, Ltd., 904 S.W.2d 927, 930 (Tex. App.--Fort Worth
1995, no writ); Cameron County v. Alvarado, 900 S.W.2d 874, 879 (Tex. App.--Corpus Christi
1995, writ dism'd w.o.j.). As Gill and Riccio did not specifically plead full faith and credit in the
trial court, neither may now be advanced to justify summary judgment. Cf. Fitz v. Days Inn
Worldwide, Inc., 147 S.W.3d 467, 470 (Tex. App.--San Antonio 2004, pet. denied) (alternative
justification for summary judgment cannot be advanced for first time on appeal). Further, the
argument advanced by Gill and Riccio is not only that the federal judgment must be enforced, but
also that a factual determination in the federal court order is entitled to preclusive effect by virtue
of the full faith and credit clause. To obtain such a result generally requires the application of the
collateral estoppel doctrine. See Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507
(2001) (claim preclusion in judgment in federal diversity action not governed by full faith and credit
clause or any other provision of Constitution, but by federal common law). 

 3. Collateral Estoppel

 Finally, Gill and Riccio contend they are entitled to summary judgment because the Frenches
failed to appeal the federal court's order, that order is final, that order formally determines the
Frenches' intent to purposefully disregard proper jurisdiction, and the Frenches should, therefore, be
estopped from collaterally contesting the validity of the federal court's finding. Once again, the
doctrine of collateral estoppel was never asserted as a ground for summary judgment before the trial
court. The Texas Supreme Court has held that a summary judgment cannot be granted on the
doctrine of collateral estoppel unless it is asserted as a ground for the motion in the trial court. Sysco
Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 805 (Tex. 1994); see Domel v. City of Georgetown,
6 S.W.3d 349, 353 (Tex. App.--Austin 1999, pet. denied). 

 Even if the doctrine had been properly presented, we do not believe the elements of collateral
estoppel have been conclusively proven. To prove collateral estoppel (also known as issue
preclusion), three things must be shown: First, the facts sought to be litigated in the subsequent
action must have been "fully and fairly litigated" in the first action. Second, the court's determination
of these facts must have been essential to the trial court's judgment in the first action. And, third,
the parties must have been "cast as adversaries" in the preceding action. In re H.E. Butt Grocery Co.,
17 S.W.3d 360, 377 (Tex. App.--Houston [14th Dist.] 2000, orig. proceeding). 

 To prove that an issue has been actually litigated, the first element of collateral estoppel, it
must be shown that the issue (whether the first filing in federal court against Gill and Riccio was
done with intentional disregard of proper jurisdiction) was properly raised, submitted for
determination, and determined. Restatement (Second) of Judgments § 27 cmt. d (1982); Van
Dyke v. Boswell, O'Toole, Davis & Pickering, 697 S.W.2d 381, 384 (Tex. 1985). Since we do not
have the motion to strike, filed by Gill and Riccio in federal court, we cannot determine if the issue
was raised in that federal motion. 

 The second element of collateral estoppel is that the court's determination of the relevant
facts was essential to the trial court's judgment. Was it essential for the federal court to determine
that the additional defendants were added solely for the purpose of defeating jurisdiction? We do
not believe it was. In its determination, the federal court made several findings: (1) the parties the
Frenches wished to add were not indispensable parties, (2) the parties were added solely to defeat
diversity jurisdiction, (3) extensive discovery had already been completed including interrogatories,
requests for production, depositions on written questions, initial disclosures, and expert disclosures,
(4) the Frenches knew of these added parties for over two years, and (5) the Frenches have not shown
they will be prejudiced or be denied an adequate remedy if the claims against Gill and Riccio are
disallowed. The court then struck the second amended complaint. 

 The order of the federal court acknowledged that it had "inadvertently" granted the Frenches'
motion to amend the original petition to bring in Gill and Riccio as parties. Since Gill and Riccio 
were not afforded an opportunity to respond, the court considered the motion to strike as if it were
the original response to the Frenches' motion to amend. The Federal Rules of Civil Procedure
require that a party must seek court approval to amend a complaint after a responsive pleading is
filed. See Fed. R. Civ. P. 15(a). In deciding to authorize such an amendment, the trial court is
granted much discretion. While it is true that it may be an abuse of discretion to disallow an
amendment without stating any reasons, in this case, several reasons (listed above) were given for
striking the amended pleading. Federal caselaw instructs that, when a trial court states a substantial
reason for striking or disallowing an amendment, there is no abuse of discretion. Substantial reasons
include "undue delay . . . and undue prejudice to the opposing party." Id. Both of these reasons
justify the district court's refusal to allow the amendment. Fuchs v. Lifetime Doors, Inc., 939 F.2d
1275, 1279 (5th Cir. 1991).

 Here, the trial court stated several reasons for disallowing the amendment, including delay. 
Section 27 of the Restatement (Second) of Judgments provides in part: "If a judgment of a court of
first instance is based on determinations of two issues, either of which standing independently would
be sufficient to support the result, the judgment is not conclusive with respect to either issue standing
alone." Restatement (Second) of Judgments § 27, cmt. i (1982). Thus, according to the
Restatement, the general rule is that there cannot be estoppel by alternative holdings. Johnson &
Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 522 (Tex. 1998). Here, it cannot be
said that a finding of an intent to defeat diversity jurisdiction was necessary or essential to the trial
court's order striking the Frenches' second amended pleading. Even without such a finding, the trial
court stated substantial reasons to disallow the amended pleading. Gill and Riccio have not
conclusively proved one of the elements necessary to invoke the doctrine of collateral estoppel. 
Consequently, the Frenches are not precluded from litigating the issue of whether their first filing
in federal court was done with intentional disregard of proper jurisdiction.

F. Conclusion

 For the reasons stated, we conclude each reason now advanced by Gill and Riccio fails to
support awarding summary judgment. We reverse the trial court's judgment and remand the case to
the trial court for further proceedings consistent with this opinion.


 Jack Carter

 Justice


Date Submitted: October 4, 2006

Date Decided: October 26, 2006
1. The Frenches contend pleadings may never properly constitute evidence to support a
summary judgment. Such is certainly the general rule. See Clear Creek Basin Auth., 589 S.W.2d
at 678. But exceptions exist. If a party makes a judicial admission in a pleading that effectively
negates his or her claim, summary judgment for the adverse party is proper. Withrow v. State Farm
Lloyds, 990 S.W.2d 432, 436 (Tex. App.--Texarkana 1999, pet. denied); Lyons v. Lindsey Morden
Claims Mgmt., Inc., 985 S.W.2d 86, 92 (Tex. App.--El Paso 1998, no pet.).
2. "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial
Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in
which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const.
art. IV, § 1.