**AFFIRMED; Opinion Filed July 14, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01057-CV

### PAULA A. BONNEY, Appellant
### V.
### U.S. BANK NATIONAL ASSOCIATION, TRUSTEE, Appellee

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-04176-F**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Myers

Paula A. Bonney appeals the trial court's summary judgment that she take nothing on her claims against U.S. Bank National Association, Trustee. Appellant brings two issues on appeal contending (1) the trial court erred by overruling her objections to the bank's evidence, and (2) the trial court erred by determining the summary judgment evidence failed to present more than a scintilla of evidence creating an issue of fact. We affirm the trial court's judgment.

### BACKGROUND

As appellant states in her brief, her "suit concerns the foreclosure of her house." In 2007, Paula Bonney and her then husband[1] refinanced the purchase money for their home through Washington Mutual Bank. The loan documents included an agreement that no escrow account

---

[1] Appellant and her husband divorced at some point before the foreclosure of the property. Appellant was awarded the home in the division of marital property. The record does not contain the date of their divorce.

would be set up at the beginning of the loan, that the Bonneys were responsible for paying for the taxes and insurance, and that the lender could impose an escrow account at any time.

When Washington Mutual Bank was placed in receivership, the FDIC transferred the loan to JPMorgan Chase Bank ("Chase"), which then assigned the loan to U.S. Bank. Chase is the mortgage servicer for the loan.[2]

The bank believed the Bonneys failed to pay the 2007 and 2008 property taxes, and the bank paid those taxes in September and December 2008.[3] The bank then notified the Bonneys that beginning January 1, 2009, they would be required to make monthly escrow payments for payment of the current taxes and to reimburse the bank for the 2007 and 2008 taxes. The Bonneys made six escrow payments through July 2009. The Bonneys then ceased making escrow payments and insisted that the bank accept their payments of principal and interest without the escrow payments. The bank refused to credit the account without the escrow payment. About the same time, the Bonneys did not renew the hazard insurance for the home. After notifying the Bonneys that it would purchase insurance for the home if the Bonneys did not do so within thirty days, the bank purchased insurance for the home and has paid for the insurance ever since. On April 3, 2012, U.S. Bank foreclosed on the property and purchased it at the foreclosure sale.

In 2014, appellant filed suit against U.S. Bank alleging causes of action for breach of contract, trespass to try title, suit to quiet title concerning the trustee's deed and the deed of trust, and violations of chapter 12 of the Civil Practice and Remedies Code (which prohibits filing fraudulent documents as a lien or claim against property), the Deceptive Trade Practices Act, and

---

[2] Except where necessary to identify the specific banking entity, we refer to the different banking entities simply as "the bank."

[3] Appellant testified in her deposition and affidavit that she and her husband paid the taxes for 2007 and 2008. The bank's summary judgment evidence included a receipt from the Dallas County Tax Assessor's office showing it paid the 2007 taxes. The receipt for the 2008 taxes showed the Bonneys paid the taxes for that year; the litigation manager for the Dallas County Tax Assessor's office testified the 2008 taxes were paid by a tax service called Lereta LLC.

the Texas Debt Collection Act. U.S. Bank moved for summary judgment on appellant's claims. The trial court granted U.S. Bank's motion for summary judgment and ordered that appellant take nothing on her claims.

## STANDARD OF REVIEW

The standard for reviewing a traditional summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *McAfee, Inc. v. Agilysys, Inc.,* 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 549; *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.,* 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See Flood*, 294 S.W.3d at 762. When analyzing a no-evidence summary judgment, we consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). A no-evidence summary judgment is improperly granted if the respondent

brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

## SUMMARY JUDGMENT EVIDENCE

In her first issue, appellant contends the trial court erred by overruling her objections to U.S. Bank's summary judgment evidence, the unsworn declaration of Yolanda Gardner. Appellant objected that the declaration did not comply with requirements of section 132.001 of the Civil Practice and Remedies Code. Appellant also objected that the declaration failed to lay a proper foundation for admission of the exhibits attached to the declaration.

We review a trial court's decision to admit or exclude summary judgment evidence under an abuse of discretion standard. *Holloway v. Dekkers*, 380 S.W.3d 315, 320 (Tex. App.—Dallas 2012, no pet.). We must uphold the trial court's ruling if the record shows any legitimate basis supporting that ruling. *Id.*

### Unsworn Declarations

Section 132.001 of the Civil Practice and Remedies Code provides that an unsworn declaration may be used in lieu of an affidavit in most situations. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a), (b) (West Supp. 2015). The declaration "must be: (1) in writing; and (2) subscribed by the person making the declaration as true under penalty of perjury." *Id.* § 132.001(c). The provision states that the declaration "must include a jurat in substantially the following form:

–4–

"My name is _____ _____ _____,
            (First)    (Middle)   (Last)
my date of birth is _____, and my address is

_____ _____ _____ _____
  (Street)      (City)       (State)     (Zip Code)
and _____.
      (Country)
I declare under penalty of perjury that the foregoing is true and correct.
Executed in _____ County, State of _____, on
the ___day of_____, _____.
       (Month)      (Year)

_____
    Declarant"

*Id.* § 132.001(d).

Gardner's declaration contained the following:

14. "I declare under penalty of perjury that the foregoing factual statements are true and correct, based on my review of the business records of [Chase]."

Executed in Franklin County, State of Ohio, on this 4th Day of March, 2015.

JPMorgan Chase Bank, N.A.

/s/ Yolanda Gardner 3-4-15
Yolanda Gardner
Authorized Signer

Appellant asserts the declaration is fatally defective because the required elements of the jurat are missing. The jurat does not list Gardner's middle name, date of birth, and street address.

Under section 132.001, the main requirements are that the declaration be in writing and "subscribed by the person making the declaration as true under penalty of perjury." *See Dominguez v. State*, 441 S.W.3d 652, 658 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("The inclusion of the phrase 'under penalty of perjury' is the key to allowing an unsworn declaration to replace an affidavit."). If those requirements are met, courts have found the jurat substantially complies with the statute. In *United Rentals, Inc. v. Smith*, the declaration under section 132.001 included the declarant's name and the perjury attestation, but it omitted the declarant's date of

birth and address. *United Rentals, Inc. v. Smith*, 445 S.W.3d 808, 813 (Tex. App.—El Paso 2014, no pet.). The court of appeals concluded that the omission of the declarant's date of birth and address was "a formal defect having no effect on whether a false statement would render the declarant liable for perjury." *Id.* The court found "the jurat was sufficient to allow the declaration to substitute for a notarized affidavit under the Civil Practice and Remedies Code." Likewise, in this case, we conclude that Gardner's declaration substantially complied with section 132.001 even though Gardner omitted her middle name, address, and date of birth.

## Gardner's Capacity as U.S. Bank's Agent

Appellant contends Gardner's affidavit failed to lay a predicate for the admission of the exhibits attached to the affidavit, which included the note, the deed of trust, and communications by the banking entities with the Bonneys. Appellant asserts there was no foundation laid to support Gardner's capacity.

Affidavits in support of a motion for summary judgment must be made on the affiant's personal knowledge. TEX. R. CIV. P. 166a(f). The affidavit must show how the affiant became familiar with the facts set forth in the affidavit. *See Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex. 1988). An affiant's position or job responsibilities can qualify the affiant to have personal knowledge and establish how the affiant learned the facts set forth in the affidavit. *Valenzuela v. State & Cty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Gardner stated in her declaration that she was "an Authorized Signer for JPMC [Chase] and duly authorized to make this declaration on its behalf." She stated she was "responsible for executing sworn documents and reviewing, confirming, and researching business records for loans in litigation." She stated she had personal knowledge of the facts in the declaration "based on my review of the business records of JPMC as servicer for U.S. Bank." These statements

–6–

explain how she had personal knowledge of the facts in the declaration: she reviewed Chase's records as part of her position of "Authorized Signer."

Appellant argues the affidavit had to present evidence that Chase was U.S. Bank's authorized servicer. Appellant cites two cases in support of this argument, *Robinson v. Timberjack*, 175 S.W.3d 528 (Tex. App.—Texarkana 2005, no pet.); and *Lyons v. Lindsey Morden Claims Management, Inc.*, 985 S.W.2d 86 (Tex. App.—El Paso 1998, no pet.).

In *Lyons*, Lyons worked in a community college lab where she was injured. *Lyons*, 985 S.W.2d at 88. She settled her worker's compensation claim with the college. *Id.* at 89. The college "engaged" Lindsey Morden Claims Management to provide adjusting services. When Lindsey Morden denied Lyons's claims for medical care, Lyons sued Lindsey Morden. Lindsey Morden moved for summary judgment asserting it shared in the college's governmental immunity because it was the college's agent. Therefore, Lindsey Morden had the burden of proving as a matter of law that it was the college's agent and not an independent contractor. That case did not concern the affiant's personal knowledge to make the statements in the affidavit and to provide the predicate for admission of attached documents. Therefore, it is not applicable to the issue before us.

In *Robinson*, Timberjack sued Robinson when Robinson failed to make payments for equipment he purchased. *Robinson*, 175 S.W.3d at 529. In its motion for summary judgment, Timberjack relied on the affidavit of Tony Damron, who stated he had personal knowledge of the facts contained in the statement of account and that he was Timberjack's authorized agent. *Id.* at 531. The court of appeals concluded this affidavit was insufficient because it provided no factual basis for Damron's knowledge. *Id.* ("The affidavit does not show how Damron acquired his personal knowledge of the facts presented in the affidavit."). Although Damron stated he was Timberjack's agent, the affidavit "does not state whether he was an agent during the relevant

–7–

periods or how his status as an agent put him in a position to gain such knowledge." *Id.* Nor was it "readily apparent that Damron's status as an agent" put him in a position to gain the knowledge. *Id.* In this case, however, Gardner's affidavit identified her position with Chase, described her job responsibilities that gave her access to the relevant documents, and set forth her actions that gave her personal knowledge of those documents. This case contains none of the uncertainties present in Damron's affidavit. *Robinson* is distinguishable.

We conclude appellant has not shown the trial court abused its discretion by overruling her objections to Gardner's affidavit. We overrule appellant's first issue.

## EVIDENCE TO SUPPORT APPELLANT'S BREACH OF CONTRACT CAUSE OF ACTION

In her second issue, appellant contends the trial court erred by "finding that the Summary Judgment Evidence failed to raise more than a scintilla of evidence creating an issue of fact." Appellant's statement of the issue misstates the trial court's implicit ruling. When a court grants a motion for summary judgment, the court does not find that there is no issue of fact; instead, the court finds "there is no genuine issue as to any *material* fact." TEX. R. CIV. P. 166a(c). A fact is material if it affects the ultimate outcome of the lawsuit under the governing law. *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 957 (Tex. App.—Dallas 2013, no pet.).

Appellant asserted the bank breached the loan documents by imposing an escrow account on the loan, demanding she make escrow payments that were not owed, refusing a payment in July 2009 that did not include any amount for escrow, and subsequently accelerating the note and foreclosing on the property.

One of the bank's grounds for summary judgment was that it proved as a matter of law that appellant failed to perform under the loan documents because she did not make the escrow payments for the property taxes and hazard insurance that the bank paid. *See Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 769 (Tex. App.—Dallas 2005, pet. denied)

–8–

(elements of cause of action for breach of contract include that the plaintiff performed or tendered performance).

Appellant asserts the bank cannot prove she failed to perform when she did not make the escrow payment in July 2009 because a fact question exists whether she owed any amount for escrow on that date. She argues a fact question exists that the bank breached the loan documents by demanding she make escrow payments that were not owed and by refusing her July 2009 payment that did not include an escrow payment because no amount for escrow was owed. Appellant appears to assert that the fact question concerning the bank's breach of the loan documents created a genuine issue of material fact of her obligation to perform under the loan documents after the bank's breach. *See Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 196 (Tex. 2004) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance.").

For a fact question to prevent a motion for summary judgment, the fact question must involve a material fact. *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 957 (Tex. App.—Dallas 2013, no pet.). Any fact question regarding whether any amount of escrow was owed in July 2009 and whether the bank breached the loan documents was not a material fact question. The deed of trust provided, "No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument." Thus, even if the bank did breach the loan documents by refusing appellant's payment in July 2009, that breach did not excuse appellant's further performance under the note and deed of trust, including the requirement to make escrow payments. Therefore, the fact

–9–

questions concerning these alleged breaches do not affect the outcome of the case, and they are not material fact issues.

The bank asserted appellant failed to perform under the loan documents because she failed to make the escrow payments to pay for the hazard insurance the bank purchased for the property. The bank's Escrow Transaction History shows there were payments for hazard insurance beginning in December 2009, but there were no deposits to the escrow account after July 2009 and before the foreclosure sale on April 3, 2012. Appellant presented no evidence that she tendered or made escrow payments after July 2009. Therefore, the evidence is undisputed that appellant failed to perform or tender performance required by the loan documents, namely, payment of the escrow for the hazard insurance.

Because the bank conclusively disproved one of the elements of appellant's cause of action for breach of contract and appellant failed to raise a genuine issue of material fact concerning that element, the trial court did not err by granting the bank's motion for summary judgment on appellant's breach of contract cause of action.

## APPELLANT'S OTHER CAUSES OF ACTION

The bank asserts in its brief that appellant's brief does not present any argument that the trial court erred by granting summary judgment on appellant's other causes of action. In her reply brief, appellant asserts she pleaded the other causes of action in the alternative, but she does not explain how the asserted fact questions constitute material fact questions under her other causes of action. We conclude appellant's failure to brief those causes of action has waived any error in the trial court's granting the motion for summary judgment on those other causes of action. *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 824 n.2 (Tex. App.—Dallas 2010, no pet.).

**CONCLUSION**

We overrule appellant's issue on appeal. We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

151057F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAULA A. BONNEY, Appellant

No. 05-15-01057-CV    V.

U.S. BANK NATIONAL ASSOCIATION, TRUSTEE, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-04176-F.
Opinion delivered by Justice Myers. Justices Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee U.S. BANK NATIONAL ASSOCIATION, TRUSTEE recover its costs of this appeal from appellant PAULA A. BONNEY.

Judgment entered this 14th day of July, 2016.